Ruffin, C. J.
 

 The objection to the evidence is urged upon the ground, that a Court of Law only recognizes the legal ownership; and that here Perkins had but an equitable interest, and could not receive payment or release the debt. But that principle is misapplied to this case. The defendant does not insist on the release as a bar
 
 proprio vigore;
 
 for he does not even plead it. But he relies on payment to Perkins, as a person authorized
 
 to
 
 receive it by the plaintiff himself. That authority was contained in
 
 the
 
 directions of Kinney to Saunders and Perkins, to settle these debts between themselves; and perhaps, it was necessary to shew nothing more on the part of the defendant, to constitute an agency of Perkins for the plaintiff, as the legal creditor. But the defendant was certainly at liberty to go further and satisfy the jury of the extent of the agency and the purpose of it, by laying before them the origin of the debts and the original interest in them of Perkins, as explanatory of the whole transaction. It is like payment to one, to whom a note is transferred without
 
 *36
 
 endorsement. The assignee thereby becomes the agent of the payee of the pote, and the debtor may plead payment to him its payment to the original creditor. But to establish the agency, evidenpe of the transfer of the note is competent; for that, indeed, creates the agency. Here, there is complete evidence of an agency in Perkins to settle and receive payment for the plaintiff; and evidence from which the jury could fairly infer, that, in conformity to the authority of Rinney to them, the parties, Saunders and Perkins, did settle, find Perkins received back his negroes in discharge of these bonds.
 

 Psp. Curiam, Judgment affirmed.